**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Justin Cody Stevens, | : |
| Plaintiff, | : **CASE NO.: _____** |
| vs. | : |
| | : **COMPLAINT** |
| General Motors LLC, | : |
| Defendant. | : |

For this Complaint, the Plaintiff Justin Cody Stevens, by undersigned counsel, states as follows:

**PRELIMINARY STATEMENT**

1.　This is an action by the purchaser of a 2022 Chevrolet Tahoe High Country vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant General Motors LLC. Plaintiff seeks damages related to his vehicle's defects and Defendant' failure to honor the terms of its warranty.

2.　The Plaintiff would not have purchased the subject vehicle had he been made aware of the subject vehicle's defects.

**JURISDICTION AND VENUE**

3.　This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4.　This Court also has jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental

jurisdiction as set forth in 28 U.S.C. § 1367.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant is subject to personal jurisdiction in this District and where Defendant, as principal, directs and controls warranty repairs on covered vehicles through its agents consisting of a dealership network located in this District.

6.      Further, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District.

## PARTIES

7.      Plaintiff Justin Cody Stevens was, at all relevant times, an adult individual who resides in Beaverton, Oregon, and who purchased the subject vehicle in Hillsboro, Oregon, which was manufactured or sold by Defendant. Plaintiff is a citizen of Oregon.

8.      Defendant General Motors LLC ("GM") is organized under the laws of Delaware with its principal place of business located at 1240 Woodward Avenue, Detroit, Michigan 48226.  At all relevant times, GM was engaged in the business of importing, assembling, marketing, distributing, and warranting GM automobiles in the State of Oregon and throughout the United States. Defendant GM LLC is a Delaware limited liability company. Its sole member is General Motors Company, a Delaware corporation with its principal place of business in Michigan. Upon information and belief, complete diversity exists between the parties.

## FACTUAL ALLEGATIONS

9.      On February 28, 2022, Plaintiff purchased a new 2022 Chevrolet Tahoe High Country, Vehicle Identification Number 1GNSKTKL0NR182174 (hereafter the "Vehicle")

2

from Tonkin Hillsboro Chevrolet, an authorized GM dealership, in Hillsboro, Oregon (hereinafter "Tonkin Chevrolet").

10.    The purchase price of the Vehicle was $85,730.00, excluding options, fees, taxes, and other charges.

11.    At the time of delivery, the Vehicle's odometer read 37 miles.

12.    Prior to purchasing the Vehicle, Plaintiff relied upon Defendant's representations regarding Defendant's New Vehicle Limited Warranty that accompanied the sale of the Vehicle, including the representation that Defendant would repair the Vehicle; these representations were material to Plaintiff's decision to purchase the Vehicle.

13.    Specifically, under its New Vehicle Limited Warranty, Defendant promised to repair or replace components found to be defective in material or workmanship during the 3-year / 36,000-mile following such vehicle delivery to consumer.  Additionally, Defendant promised to repair or replace the powertrain components, including the Vehicle's engine, found to be defective in material or workmanship during the 5-year / 60,000-mile following such vehicle delivery to consumer.

14.    On February 28, 2022, and following the execution of the Vehicle purchase documents, Plaintiff took delivery of the Vehicle.

15.    Since the time of Vehicle delivery to the present, the Vehicle has been out of service at least fifty days because of the catastrophic engine failure.

16.    On April 12, 2023, Plaintiff brought the Vehicle to Tonkin Chevrolet and complained the Vehicle's had a loud ticking coming from the motor area.

17.    At the time the Vehicle's odometer read 18,880 miles.

18.     Tonkin Chevrolet verified the complaint, found the Vehicle's engine had failed internally, and attempted a repair by replacing the Vehicle's engine, oil cooler, and oil cooler lines.

19.     During this visit, the Vehicle was out of service for fifty (50) days.

20.     By a letter dated August 19, 2025, Plaintiff, through his counsel, sent a letter to Defendant advising it that his Vehicle suffered from the aforementioned defects and that Defendant failed to repair these defects within a reasonable time under Defendant's warranty, and demanded relief.

21.     The defects experienced by Plaintiff substantially impair the use, value, and safety of the Vehicle.

22.     Plaintiff provided the Defendant, or one or more of its authorized or franchised dealers, with reasonable opportunity to repair the problems with the Vehicle.

23.     The Defendant has neglected, failed, or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time.

### FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss
### Warranty Act, 15 U.S.C. §2301, *et seq.*

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

26.     Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

27.     The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

28.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

29.     15 U.S.C. § 2304(a)(1) requires Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

30.     Defendant has failed to remedy the subject vehicle's defects within a reasonable time, thereby breaching the written and implied warranties applicable to the subject vehicle.

31.     As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

**SECOND CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss**
**Warranty Act, 15 U.S.C. §2301, *et seq.* and ORS § 72.3140**

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant is a merchant with respect to motor vehicles.

34.     The Vehicle was subject to implied warranty of merchantability, as defined in ORS § 72.3140, running from the Defendant to the Plaintiff.

35.     An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

36.     Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

37.     Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered it.

38.     As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

### THIRD CAUSE OF ACTION
### Breach of Express Warranty, ORS § 72.3130

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     In connection with the sale of the subject vehicle to the Plaintiff, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the engine and its components.

41.     Plaintiff relied on Defendant's warranty when he agreed to purchase the subject vehicle and Defendant's warranty was part of the basis of the bargain.

42.     Plaintiff submitted his vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to repair the defects under the Vehicle's warranty as described herein within a reasonable period of time.

43.     Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

44.     As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

6

45.     The Plaintiff could not reasonably have discovered said nonconformities with the subject vehicle prior to Plaintiff's acceptance of the subject vehicle.

46.     The Plaintiff would not have purchased the subject vehicle, or would have paid less for the subject vehicle, had he known, prior to the time of purchase or lease, that the subject vehicle contained these defects.

47.     As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranty, Plaintiff has suffered actual and consequential damages.  Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the subject vehicle containing the defects identified herein.

## FOURTH CAUSE OF ACTION
### Revocation of Acceptance, ORS § 72.6080

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     Plaintiff reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

50.     After providing Defendant a reasonable opportunity to cure, it has become apparent that said defects cannot be seasonably cured.

51.     The defects substantially impair the value of the Vehicle to the Plaintiff.

52.     By a letter dated on August 19, 2025, the Plaintiff notified Defendant of said defects and of Plaintiff's intent to revoke acceptance and demand return of the purchase price of said Vehicle.

53.     Defendant has nevertheless failed to make a good-faith response to this demand within thirty (30) days of their receipt.

7

54.     As a result of Defendant's conduct the Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
**Breach of Oregon Lemon Law, ORS § 646A.400, *et seq.*; § 646A.325 *et seq.***

55.     The Plaintiff incorporates by reference all allegations contained in this
Complaint as though fully stated herein.

56.     Plaintiff is a "Consumer" as defined in ORS § 646A.400(2).

57.     The Vehicle is a "Motor vehicle" as defined in ORS § 646A.400(2).

58.     During the first two years or 24,000 miles of operation, the Vehicle has been
out of service by reason of repair for at least 30 days, and the same nonconformity continued
to exist.

59.     The defects in Claimant's Vehicle substantially impair its use, value, and
safety to the Claimant.

60.     Defendant and its authorized dealership have been unable to repair such
defects within a reasonable amount of time

## SIXTH CAUSE OF ACTION
**Breach of Oregon Unlawful Trade Practices Act, ORS § 646.608 *et seq.***

61.     The Plaintiff incorporates by reference all allegations contained in this
Complaint as though fully stated herein.

62.     Oregon's Unlawful Trade Practices Act declares unlawful any person's use or
employment, in the course of trade or commerce, of an unfair or deceptive act or practice,
including but not limited to: (a) representing that goods have characteristics, uses, benefits, or
qualities that they do not have, ORS § 646.608(1)(e); (b) representing that goods are of a
particular standard, quality, or grade if they are of another, ORS § 646.608(1)(g); (c) failing to
disclose a material defect or condition when such omission is likely to mislead a consumer

8

acting reasonably under the circumstances, ORS § 646.608(1)(t); and (d) engaging in any other unfair or deceptive conduct in trade or commerce, ORS § 646.608(1)(u).

63.     In the course of Defendant's trade or commerce, Defendant represented that the subject vehicles, including Plaintiff's Vehicle, possessed characteristics, uses, benefits, and qualities that they did not have, including reliability, durability, and fitness for ordinary and safe transportation, in violation of ORS § 646.608(1)(e). Defendant further represented that the subject vehicles were of a particular standard and quality when, in fact, they were equipped with a defective 6.2L V8 engine prone to failure, in violation of ORS § 646.608(1)(g).

64.     Defendant knew or should have known that the 6.2L V8 engine suffers from a material defect that substantially impairs the safety, reliability, and value of the vehicles in which it is installed. Defendant failed to disclose this material defect to consumers, including Plaintiff, at or before the time of sale, and such omission was likely to mislead a reasonable consumer acting under the circumstances, in violation of ORS § 646.608(1)(t).

65.     By marketing and selling the subject vehicles without disclosing the known defect, while affirmatively promoting their reliability and performance, Defendant engaged in unfair or deceptive conduct in trade or commerce, in violation of ORS § 646.608(1)(u).

66.     Defendant's actions set forth above occurred in the conduct of trade or commerce.

67.     Because Defendant's deception takes place in the context of automobile safety, its deception affects the public interest.  Further, Defendant's unlawful conduct constitutes unfair acts or practices that have the capacity to deceive consumers, and that have a broad impact on consumers at large.

68.     Defendant's conduct proximately caused injuries to Plaintiff.

69.     Plaintiff was injured as a result of Defendant's conduct in that Plaintiff overpaid for the subject vehicle and did not receive the benefit of the bargain, and the subject vehicle has suffered a diminution in value.  These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a.  An order approving revocation of acceptance of the subject vehicle;

b.  Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c.  Incidental and consequential damages;

d.  Punitive damages;

e.  Reasonable attorney's fees;

f.  Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 25, 2026

Respectfully submitted,

By:     /s/ Sergei Lemberg
        Sergei Lemberg, Esq.
        LEMBERG LAW, L.L.C.
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        *Attorneys for Plaintiff*